B 1 (Official Form 1) (4/10)

# United States Bankruptcy Court
# Southern District of New York

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Grand Prix Holdings LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>**41-2239317** | Last four digits of Soc. Sec.or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**340 Royal Poinciana Way, Suite 306**<br>**Palm Beach, Florida**<br>ZIP CODE **33480** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Palm Beach County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  **Hotel/Hospitality**

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check **one** box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check **one** box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (Consolidated with affiliates)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets (Consolidated with affiliates)

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Liabilities (Consolidated with affiliates)

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): **Grand Prix Holdings LLC** |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: **See attached Schedule 1** | Case Number: | Date Filed: |
| District: **Southern District of New York** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Grand Prix Holdings LLC |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (If not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ Paul M. Basta<br>Signature of Attorney for Debtor(s)<br>Paul M. Basta<br>Printed Name of Attorney for Debtor(s)<br>Kirkland & Ellis LLP<br>Firm Name<br>Citigroup Center<br>601 Lexington Avenue<br>New York, NY 10022<br>Address<br>(212) 446-4800<br>Telephone Number<br>July 19, 2010<br>Date<br><br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _[signature]_<br>Signature of Authorized Individual<br>Justin Korva<br>Printed Name of Authorized Individual<br><br>Title of Authorized Individual<br>July 19, 2010<br>Date | _____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form of each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# Schedule 1
# Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") for relief under chapter 11 of title 11 of the United States Bankruptcy Code. The Debtors are simultaneously filing a motion for joint administration of these cases under the number assigned to the chapter 11 case of Innkeepers USA Trust.

1. GP AC Sublessee LLC
2. Grand Prix Addison (RI) LLC
3. Grand Prix Addison (SS) LLC
4. Grand Prix Albany LLC
5. Grand Prix Altamonte LLC
6. Grand Prix Anaheim Orange Lessee LLC
7. Grand Prix Arlington LLC
8. Grand Prix Atlanta (Peachtree Corners) LLC
9. Grand Prix Atlanta LLC
10. Grand Prix Atlantic City LLC
11. Grand Prix Bellevue LLC
12. Grand Prix Belmont LLC
13. Grand Prix Binghamton LLC
14. Grand Prix Bothell LLC
15. Grand Prix Bulfinch LLC
16. Grand Prix Campbell / San Jose LLC
17. Grand Prix Cherry Hill LLC
18. Grand Prix Chicago LLC
19. Grand Prix Columbia LLC
20. Grand Prix Denver LLC
21. Grand Prix East Lansing LLC
22. Grand Prix El Segundo LLC
23. Grand Prix Englewood / Denver South LLC
24. Grand Prix Fixed Lessee LLC
25. Grand Prix Floating Lessee LLC
26. Grand Prix Fremont LLC
27. Grand Prix Ft. Lauderdale LLC
28. Grand Prix Ft. Wayne LLC
29. Grand Prix Gaithersburg LLC
30. Grand Prix General Lessee LLC
31. Grand Prix Germantown LLC
32. Grand Prix Grand Rapids LLC
33. Grand Prix Harrisburg LLC
34. Grand Prix Holdings LLC
35. Grand Prix Horsham LLC
36. Grand Prix IHM, Inc.
37. Grand Prix Indianapolis LLC
38. Grand Prix Islandia LLC
39. Grand Prix Las Colinas LLC
40. Grand Prix Lexington LLC
41. Grand Prix Livonia LLC
42. Grand Prix Lombard LLC
43. Grand Prix Louisville (RI) LLC
44. Grand Prix Lynnwood LLC
45. Grand Prix Mezz Borrower Fixed, LLC
46. Grand Prix Mezz Borrower Floating, LLC
47. Grand Prix Mezz Borrower Floating 2, LLC
48. Grand Prix Mezz Borrower Term LLC
49. Grand Prix Montvale LLC
50. Grand Prix Morristown LLC
51. Grand Prix Mountain View LLC
52. Grand Prix Mt. Laurel LLC
53. Grand Prix Naples LLC
54. Grand Prix Ontario Lessee LLC
55. Grand Prix Ontario LLC
56. Grand Prix Portland LLC
57. Grand Prix Richmond (Northwest) LLC
58. Grand Prix Richmond LLC
59. Grand Prix RIGG Lessee LLC
60. Grand Prix RIMV Lessee LLC
61. Grand Prix Rockville LLC
62. Grand Prix Saddle River LLC
63. Grand Prix San Jose LLC
64. Grand Prix San Mateo LLC
65. Grand Prix Schaumburg LLC
66. Grand Prix Shelton LLC
67. Grand Prix Sili I LLC
68. Grand Prix Sili II LLC
69. Grand Prix Term Lessee LLC
70. Grand Prix Troy (Central) LLC
71. Grand Prix Troy (SE) LLC
72. Grand Prix Tukwila LLC
73. Grand Prix West Palm Beach LLC
74. Grand Prix Westchester LLC
75. Grand Prix Willow Grove LLC
76. Grand Prix Windsor LLC
77. Grand Prix Woburn LLC
78. Innkeepers Financial Corporation
79. Innkeepers USA Limited Partnership
80. Innkeepers USA Trust
81. KPA HI Ontario LLC
82. KPA HS Anaheim, LLC
83. KPA Leaseco Holding Inc.
84. KPA Leaseco, Inc.
85. KPA RIGG, LLC
86. KPA RIMV, LLC
87. KPA San Antonio, LLC
88. KPA Tysons Corner RI, LLC
89. KPA Washington DC, LLC
90. KPA/GP Ft. Walton LLC
91. KPA/GP Louisville (HI) LLC
92. KPA/GP Valencia LLC

James H.M. Sprayregen, P.C.
Paul M. Basta
Jennifer L. Marines
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C.
Marc J. Carmel
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNKEEPERS USA TRUST, *et al.*,[1] | ) | Case No. 10-_____(___) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 1007(A)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 1007-3 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GP AC Sublessee LLC (5992); Grand Prix Addison (RI) LLC (3740); Grand Prix Addison (SS) LLC (3656); Grand Prix Albany LLC (3654); Grand Prix Altamonte LLC (3653); Grand Prix Anaheim Orange Lessee LLC (5925); Grand Prix Arlington LLC (3651); Grand Prix Atlanta (Peachtree Corners) LLC (3650); Grand Prix Atlanta LLC (3649); Grand Prix Atlantic City LLC (3648); Grand Prix Bellevue LLC (3645); Grand Prix Belmont LLC (3643); Grand Prix Binghamton LLC (3642); Grand Prix Bothell LLC (3641); Grand Prix Bulfinch LLC (3639); Grand Prix Campbell / San Jose LLC (3638); Grand Prix Cherry Hill LLC (3634); Grand Prix Chicago LLC (3633); Grand Prix Columbia LLC (3631); Grand Prix Denver LLC (3630); Grand Prix East Lansing LLC (3741); Grand Prix El Segundo LLC (3707); Grand Prix Englewood / Denver South LLC (3701); Grand Prix Fixed Lessee LLC (9979); Grand Prix Floating Lessee LLC (4290); Grand Prix Fremont LLC

(continued on next page)

Attached hereto is an organizational chart reflecting all of the above-captioned debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), ownership interests in each Debtor and ownership interests in non-Debtor affiliates and subsidiaries incorporated or otherwise domiciled in the United States. The business address of the Debtors and certain of the non-Debtor affiliates is 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

---

(3703); Grand Prix Ft. Lauderdale LLC (3705); Grand Prix Ft. Wayne LLC (3704); Grand Prix Gaithersburg LLC (3709); Grand Prix General Lessee LLC (9182); Grand Prix Germantown LLC (3711); Grand Prix Grand Rapids LLC (3713); Grand Prix Harrisburg LLC (3716); Grand Prix Holdings LLC (9317); Grand Prix Horsham LLC (3728); Grand Prix IHM, Inc. (7254); Grand Prix Indianapolis LLC (3719); Grand Prix Islandia LLC (3720); Grand Prix Las Colinas LLC (3722); Grand Prix Lexington LLC (3725); Grand Prix Livonia LLC (3730); Grand Prix Lombard LLC (3696); Grand Prix Louisville (RI) LLC (3700); Grand Prix Lynnwood LLC (3702); Grand Prix Mezz Borrower Fixed, LLC (0252); Grand Prix Mezz Borrower Floating, LLC (5924); Grand Prix Mezz Borrower Floating 2, LLC (9972); Grand Prix Mezz Borrower Term LLC (4285); Grand Prix Montvale LLC (3706); Grand Prix Morristown LLC (3738); Grand Prix Mountain View LLC (3737); Grand Prix Mt. Laurel LLC (3735); Grand Prix Naples LLC (3734); Grand Prix Ontario Lessee LLC (9976); Grand Prix Ontario LLC (3733); Grand Prix Portland LLC (3732); Grand Prix Richmond (Northwest) LLC (3731); Grand Prix Richmond LLC (3729); Grand Prix RIGG Lessee LLC (4960); Grand Prix RIMV Lessee LLC (4287); Grand Prix Rockville LLC (2496); Grand Prix Saddle River LLC (3726); Grand Prix San Jose LLC (3724); Grand Prix San Mateo LLC (3723); Grand Prix Schaumburg LLC (3721); Grand Prix Shelton LLC (3718); Grand Prix Sili I LLC (3714); Grand Prix Sili II LLC (3712); Grand Prix Term Lessee LLC (9180); Grand Prix Troy (Central) LLC (9061); Grand Prix Troy (SE) LLC (9062); Grand Prix Tukwila LLC (9063); Grand Prix West Palm Beach LLC (9065); Grand Prix Westchester LLC (3694); Grand Prix Willow Grove LLC (3697); Grand Prix Windsor LLC (3698); Grand Prix Woburn LLC (3699); Innkeepers Financial Corporation (0715); Innkeepers USA Limited Partnership (3956); Innkeepers USA Trust (3554); KPA HI Ontario LLC (6939); KPA HS Anaheim, LLC (0302); KPA Leaseco Holding Inc. (2887); KPA Leaseco, Inc. (7426); KPA RIGG, LLC (6706); KPA RIMV, LLC (6804); KPA San Antonio, LLC (1251); KPA Tysons Corner RI, LLC (1327); KPA Washington DC, LLC (1164); KPA/GP Ft. Walton LLC (3743); KPA/GP Louisville (HI) LLC (3744); KPA/GP Valencia LLC (9816). The location of the Debtors' corporate headquarters and the service address for their affiliates is: c/o Innkeepers USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

Pursuant to 28 U.S.C. § 1746, I, Dennis M. Craven, the undersigned authorized signatory of the Debtor named in this case, declare under penalty of perjury that I have reviewed this corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: July 16, 2010

Innkeepers USA Trust

By: _____
Dennis M. Craven
Chief Financial Officer, Treasurer, and
Vice President

# Corporate Organizational Chart



**Schedule of Debtor-Entities that are Fee Owners/Ground Lessees**
**(Arranged by Loan Agreement)**

| Debtor Entity | Franchisor |
|---|---|
| **Fixed Rate Mortgage Loan Agreement** | |
| Grand Prix Addison (RI) LLC | Marriott International, Inc. |
| Grand Prix Altamonte LLC | Marriott International, Inc. |
| Grand Prix Arlington LLC | Marriott International, Inc. |
| Grand Prix Atlanta (Peachtree Corners) LLC | Marriott International, Inc. |
| Grand Prix Atlanta LLC | Marriott International, Inc. |
| Grand Prix Bellevue LLC | Marriott International, Inc. |
| Grand Prix Belmont LLC | Summerfield Hotel Company, L.L.C. |
| Grand Prix Binghamton LLC | Marriott International, Inc. |
| Grand Prix Bothell LLC | Marriott International, Inc. |
| Grand Prix Campbell / San Jose LLC | Marriott International, Inc. |
| Grand Prix Cherry Hill LLC | Marriott International, Inc. |
| Grand Prix Chicago LLC | Marriott International, Inc. |
| Grand Prix Columbia LLC | Promus Hotels, Inc. |
| Grand Prix Denver LLC | Marriott International, Inc. |
| Grand Prix El Segundo LLC | Summerfield Hotel Company, L.L.C. |
| Grand Prix Englewood / Denver South LLC | Marriott International, Inc. |
| Grand Prix Fremont LLC | Marriott International, Inc. |
| Grand Prix Ft. Lauderdale LLC | Marriott International, Inc. |
| Grand Prix Gaithersburg LLC | Marriott International, Inc. |
| Grand Prix Germantown LLC | Promus Hotels, Inc. |
| Grand Prix Horsham LLC | Marriott International, Inc. |
| Grand Prix Islandia LLC | Promus Hotel, Inc. |
| Grand Prix Las Colinas LLC | Summerfield Hotel Company, L.L.C. |
| Grand Prix Lexington LLC | Marriott International, Inc. |
| Grand Prix Livonia LLC | Marriott International, Inc. |
| Grand Prix Lombard LLC | Promus Hotels, Inc. |
| Grand Prix Louisville (RI) LLC | Marriott International, Inc. |
| Grand Prix Lynnwood LLC | Marriott International, Inc. |
| Grand Prix Mountain View LLC | Marriott International, Inc. |
| Grand Prix Mt. Laurel LLC | Summerfield Hotel Company, L.L.C. |
| Grand Prix Naples LLC | Promus Hotels, Inc. |
| Grand Prix Portland LLC | Marriott International, Inc. |
| Grand Prix Richmond (Northwest) LLC | Marriott International, Inc. |
| Grand Prix Richmond LLC | Marriott International, Inc. |
| Grand Prix Saddle River LLC | Marriott International, Inc. |
| Grand Prix San Jose LLC | Marriott International, Inc. |
| Grand Prix San Mateo LLC | Marriott International, Inc. |
| Grand Prix Schaumburg LLC | Promus Hotels, Inc. |
| Grand Prix Shelton LLC | Marriott International, Inc. |
| Grand Prix Sili I LLC | Marriott International, Inc. |
| Grand Prix Sili II LLC | Marriott International, Inc. |
| Grand Prix Tukwila LLC | Marriott International, Inc. |
| Grand Prix Westchester LLC | Promus Hotels, Inc. |
| Grand Prix Willow Grove LLC | Promus Hotels, Inc. |
| Grand Prix Windsor LLC | Marriott International, Inc. |

**Schedule of Debtor-Entities that are Fee Owners/Ground Lessees**
**(Arranged by Loan Agreement)**

| Debtor Entity | Franchisor |
|---|---|
| **Floating Rate Mortgage Loan Agreement** | |
| Grand Prix Addison (SS) LLC | Summerfield Hotel Company, L.L.C. |
| Grand Prix Albany LLC | Promus Hotels, Inc. |
| Grand Prix Atlantic City LLC | Marriott International, Inc. |
| Grand Prix Bulfinch LLC | N/A |
| Grand Prix East Lansing LLC | N/A |
| Grand Prix Ft. Wayne LLC | Marriott International, Inc. |
| Grand Prix Grand Rapids LLC | Marriott International, Inc. |
| Grand Prix Harrisburg LLC | Marriott International, Inc. |
| Grand Prix Indianapolis LLC | N/A |
| Grand Prix Montvale LLC | Marriott International, Inc. |
| Grand Prix Morristown LLC | Westin License Company |
| Grand Prix Ontario LLC | Marriott International, Inc. |
| Grand Prix Rockville LLC | The Sheraton Corporation |
| Grand Prix Troy (Central) LLC | Marriott International, Inc. |
| Grand Prix Troy (SE) LLC | Marriott International, Inc. |
| Grand Prix West Palm Beach LLC | Best Western International, Inc. |
| Grand Prix Woburn LLC | Promus Hotels, Inc. |
| KPA/GP Ft. Walton LLC | The Sheraton Corporation |
| KPA/GP Louisville (HI) LLC | Promus Hotels, Inc. |
| KPA/GP Valencia LLC | Promus Hotels, Inc. |
| | |
| **Anaheim Mortgage Loan Agreement** | |
| KPA HS Anaheim, LLC | Hilton Inns, Inc. |
| | |
| **Capmark Ontario Loan Agreement** | |
| KPA HI Ontario LLC | Hilton Inns, Inc. |
| | |
| **Capmark Garden Grove Loan Agreement** | |
| KPA RIGG, LLC | Marriott International, Inc. |
| | |
| **Capmark Mission Valley Loan Agreement** | |
| KPA RIMV, LLC | Marriott International, Inc. |
| | |
| **Merrill Lynch Washington D.C. Loan Agreement** | |
| KPA Washington DC, LLC | Doubletree Hotel Systems, Inc. |
| | |
| **Merrill Lynch Tysons Corner Loan Agreement** | |
| KPA Tysons Corner RI, LLC | Marriott International, Inc. |
| | |
| **Merrill Lynch San Antonio Loan Agreement** | |
| KPA San Antonio, LLC | Promus Hotels, Inc. |

# GRAND PRIX HOLDINGS LLC
# CONSENT IN LIEU OF A SPECIAL MEETING OF
# <u>THE SOLE MEMBER</u>

## July 14, 2010

The undersigned, being the Sole Member (the "**Sole Member**") of Grand Prix Holdings LLC, a Delaware limited liability company (the "**Company**"), in lieu of holding a special meeting of the Sole Member of the Company, hereby takes the following actions and adopts the following resolutions by written consent pursuant to Section 18-302(d) of the Limited Liability Company Act of the State of Delaware:

**WHEREAS**, the Sole Member has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Sole Member has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Sole Member has determined that it is desirable that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT RESOLVED**, that the officers and authorized representatives of the Company and any other person designated and so authorized to act (each, an "**Authorized Officer**") of the Company be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to execute and verify the petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") at such time as the Authorized Officer executing the petitions shall determine; and be it further;

**RESOLVED**, that the Authorized Officers of the Company be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, in its capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, to execute and verify the petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as the Authorized Officer executing the petitions shall determine; and be it further;

**RESOLVED**, that the Company is hereby authorized and directed to engage the law firm of Kirkland & Ellis LLP, as general restructuring counsel, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and be it further;

**RESOLVED**, that the Company is hereby authorized and directed to engage the firm of Moelis & Company LLC, as financial advisor, investment banker and restructuring advisor, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Moelis & Company LLC; and be it further;

**RESOLVED**, that the Company is hereby authorized and directed to engage the firm of AP Services, LLC, as restructuring advisor, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officer are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of AP Services, LLC; and be it further;

**RESOLVED**, that the Company is hereby authorized and directed to engage Omni Management Group, LLC, as noticing, balloting and claims agent, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Omni Management Group, LLC; and be it further;

**RESOLVED**, that the Company is hereby authorized and directed to engage any other professionals to assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Company's chapter 11

case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary in the opinion of such Authorized Officer; and be it further;

**RESOLVED**, that the Authorized Officers of the Company be, and each hereby is, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and be it further;

**RESOLVED**, that in connection with the commencement of the Company's chapter 11 case, the Authorized Officers of the Company be, and each hereby is, authorized and empowered, upon approval of the Bankruptcy Court, to cause the Company to enter into and to provide its guaranty and to pledge, mortgage and grant a lien and security interest in its assets for a debtor-in-possession loan facility (the "**DIP Facility**"), to the extent that the Company is party to such DIP Facility, (including, in connection therewith, such mortgages, deeds of trust, security agreements, pledge agreements, and other documents, agreements or instruments as constitute exhibits or schedules to or are required pursuant to or contemplated by the DIP Facility, each, an "**Additional Document**"), to the extent applicable, primarily for the purposes of funding property improvement plans or other capital expenditures at certain hotels, on such terms and conditions as approved by the Bankruptcy Court, and to take such additional action and to execute and deliver each other Additional Document to be executed and delivered by or on behalf of the Company, in the Company's own capacity and in the Company's capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of the subsidiaries, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it further;

**RESOLVED**, that the DIP Facility and any guaranty, mortgage and/or pledge associated with the DIP Facility is reasonably expected to be of direct or indirect benefit to the Company and its subsidiaries; and be it further;

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Facility, to the extent the Company is party to such DIP Facility, which shall in their sole judgment be necessary, proper or advisable; and be it further;

**RESOLVED**, that the Authorized Officers of the Company be, and each hereby is, authorized, empowered and directed to use in connection with the Company's chapter 11 case and in accordance with the provisions of the Bankruptcy Code any cash collateral, with or without the consent or support of any counterparties to any agreement related to any such cash collateral; and be it further;

**RESOLVED**, that the Authorized Officers of the Company be, and each hereby is, authorized, empowered and directed to negotiate, execute and deliver agreements with regard to the use of cash collateral in connection with the Company's chapter 11 case and in accordance with the provisions of the Bankruptcy Code, including agreement(s) that may require the Company to grant liens and make payments to the Company's existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto that are in accordance with the provisions of the Bankruptcy Code as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it further;

**RESOLVED,** that the Plan Support Agreement by and among Innkeepers USA Trust and certain of its affiliates and Lehman ALI, Inc., a Delaware corporation, and each other document, instrument or agreement executed in connection therewith (collectively, the "**Plan Support Agreement**"), substantially in the form of the draft which has been reviewed by the Sole Member or explained to the Sole Member, and the Company's performance of its obligations under the Plan Support Agreement, to the extent that the Company is party to such Plan Support Agreement, is hereby, in all respects, authorized and approved; and be it further;

**RESOLVED,** that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to cause the Company to execute and deliver the Plan Support Agreement, to the extent that the Company is party to such Plan Support Agreement, in the name and on behalf of the Company, substantially in the form of the draft which has been reviewed by the Sole Member or explained to the Sole Member, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his, her or their sole discretion approve, which approval shall be conclusively evidenced by his, her or their execution thereof; and be it further;

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Plan Support Agreement, to the extent that the

Company is party to such Plan Support Agreement, which shall in their sole judgment be necessary, proper or advisable; and be it further;

**RESOLVED,** that the Agreement for Adequate Assurance of Future Completion of Certain PIPs and Assumption of Agreements by and among Innkeepers USA Trust and certain of its affiliates and Marriott International, Inc., a Delaware corporation, and each other document, instrument or agreement executed in connection therewith (collectively, the "**Marriott Agreement**"), substantially in the form of the draft which has been reviewed by the Sole Member or explained to the Sole Member, and the Company's performance of its obligations under the Marriott Agreement, to the extent the Company is party to such Marriott Agreement, is hereby, in all respects, authorized and approved; and be it further;

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Marriott Agreement, to the extent the Company is party to such Marriott Agreement, which shall in their sole judgment be necessary, proper or advisable; and be it further;

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and be it further;

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business; and be it further;

**RESOLVED**, that each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as

such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Company any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and be it further;

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, in its own capacity and in its capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, to execute such consents of the Company as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and be it further;

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or the Sole Member of the Company in the name and on behalf of the Company, in the Company's capacity and in the Company's capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of the Sole Member of the Company duly called and constituted pursuant to the Limited Liability Company Agreement of the Company and the laws of the State of Delaware.

\* \* \* \* \*

IN WITNESS WHEREOF, the undersigned, being the sole member of the Company, has executed this consent as of the date first written above.

APOLLO INVESTMENT CORPORATION,
a Maryland corporation

By: _____
Name: James C. Zelter
Title:

*Signature Page to Written Consent of Grand Prix Holdings LLC*